## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **MICHAEL GLORIA** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:12CV76-RAS-DDB** |
| | § | |
| **THE BANK OF NEW YORK MELLON** | § | |
| **F/K/A/ THE BANK OF NEW YORK AS** | § | |
| **TRUSTEE FOR THE** | § | |
| **CERTIFICATE HOLDERS OF THE** | § | |
| **CWSABS, INC. ASSET BACKED** | § | |
| **CERTIFICATES SERIES 2006-18, AND** | § | |
| **BANK OF AMERICA** | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Defendants The Bank of New York Mellon and Bank of America's

Motion for Summary Judgment (Dkt. 8) and Defendants' First Supplement to their Motion for

Summary Judgment (Dkt. 16).  As set forth below,  Defendants' First Supplement to their Motion

for Summary Judgment (Dkt. 16) is GRANTED, and the Court finds that Defendants The Bank of

New York Mellon and Bank of America's Motion for Summary Judgment (Dkt. 8) should be

GRANTED and that summary judgment should be granted for Defendants as to all claims here.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about September 6, 2006, Plaintiff obtained a loan from Countrywide Home Loans,

Inc. ("Countrywide") to purchase the property located at 317 Ellis Drive, Allen, Texas 75002.

Plaintiff also executed a promissory note and a Deed of Trust to secure the note naming Mortgage

Electronic Registration System ("MERS") as the beneficiary for Countrywide and its successors and assigns. *See* Dkt. 3 at ¶ 10.   Due to apparent financial hardship around 2008, Plaintiff asked Countrywide for a loan modification.  *Id*. at ¶ 12.   According to the Plaintiff, he engaged in loan modification negotiations with the Defendants over a period of months and ultimately was approved for a trial payment plan in August 2011 to later obtain a loan modification.  *Id*. at ¶ 14.   Plaintiff failed to make any further payments, and, as a result, Defendants foreclosed upon the Property on November 1, 2011.  *Id*. at ¶ 15.

Plaintiff filed suit in the 401st Judicial District Court of Collin County, Texas on January 12, 2012, and, on February 13, 2012, the matter was removed to this Court.  *See* Dkt. 8 at ¶ 4-5.

Plaintiff's complaint asserts the following causes of action against Defendants: (1) breach of contract and anticipatory breach of contract; (2) breach of common law tort of unreasonable collection efforts; (3) violation of Texas Consumer Credit Code/Debt Collection Practices Act; (4) negligent misrepresentation/gross negligence; and (5) suit to quiet title and trespass to try title.  *See* Dkt. 3.   Plaintiff also seeks a declaratory judgment, injunctive relief, and an accounting of all transactions on their mortgage loan.  *Id.*

Defendants have filed a motion for summary judgment, seeking summary judgment on Plaintiff's claims.  Plaintiff has filed a response in opposition.  *See* Dkt. 13.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences

---

[1]Although Plaintiff is now proceeding *pro se* herein, the response was filed by his counsel prior to their withdrawal from representation.

2

in the light most favorable to the non-moving party, there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*,

526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine

issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th

Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v.

Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party,

however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.

1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the

pleadings, but must set forth and support by summary judgment evidence specific facts showing the

existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th

Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party

makes a properly supported motion for summary judgment, the nonmoving party must look beyond

3

the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655.  The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.  E.D. TEX. LOCAL R. CV-56(d).  Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden.  *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendants make the following arguments: (1) Plaintiff's breach of contract and anticipatory breach of contract claims fail as a matter of law because Plaintiff was in default of his obligations to timely repay his mortgage; (2) Plaintiff's claims for negligence and gross negligence are barred by the economic loss doctrine; (3) Plaintiff was provided with notice of his default; (4) Plaintiff's allegations regarding Defendants' oral representations are barred by the statute of frauds; (5) Plaintiff's indebtedness at issue was not incurred for consumer purposes; and (6) Plaintiff's attack on Defendant's capacity to enforce his indebtedness have been consistently rejected by this Court and elsewhere. *See* Dkt. 8.

Assuming arguendo that Plaintiff has stated a claim as to each purported cause of action,[2] the Court finds that summary judgment for Defendants is warranted as to all of Plaintiff's claims. Defendants have offered the following summary judgment evidence to demonstrate that there is no genuine issue of material fact as to Plaintiff's claims here:

**Exhibit "A"** Declaration of Katherine Cacho

―――――――――――――――――

[2]No 12(b)(6) motion was filed in this case for the Court's consideration, thus the Court focuses its efforts here on the summary judgment record before it.

4

**Exhibit "A-1"** Promissory Note;

**Exhibit "A-2"** Uniform Loan Application;

**Exhibit "A-3"** Deed of Trust;

**Exhibit "A-4"** Assignment; and

**Exhibit "A-5"** Notice of Default and Intent to Accelerate.

**Exhibit "B"**  Substitute Trustee's Deed

**Exhibit "C"**  Verification of Creditor Matrix filed in Bankruptcy Petition 408-42571-DML-13 in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

Dkt. 8-1 – 8-8.

In response, Plaintiff has attached to his response the following three pieces of summary judgment evidence:

**Exhibit 1:** Affidavit of Plaintiff Michael Gloria

**Exhibit 1 A:** Note

**Exhibit 1 B:** Deed of Trust

**Exhibit 2:** Defendant's System Notes

**Exhibit 3:** Defendant's Fee History

Dkt. 13-1 – 13-5.

The Court has reviewed the summary judgment evidence and finds that Plaintiff has failed to create a genuine issue of material fact as to any of his allegations herein.  The discovery deadline in this case fell on September 13, 2012, *see* Dkt. 12, therefore, any evidence needed by Plaintiff to demonstrate a genuine issue of material fact as to his claims should be before the Court.

5

**Breach of Contract/Anticipatory Breach of Contract**

Plaintiff first asserts a breach of contract/anticipatory breach of contract claim in this case. To prevail on a breach of contract claim, a plaintiff must prove "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Patton*, No. 05-17- 01731, 2010 WL 936688, at *3 (Tex. App.– Dallas Mar. 17, 2010, pet. filed).  Primarily, none of the summary judgment evidence before the Court shows any breach of contract – anticipatory or otherwise – by Defendants.  Plaintiff has complained of Defendants' oral representations that they would not foreclose on the Property during the loan modification process and argues that Defendants' representations constituted a unilateral contract which was a breached when Defendants sold the Property at a foreclosure sale.  *See* Dkt. 3 at ¶¶ 19-22.

Texas law states that any unilateral or bilateral contact modifying the underlying Note and Deed of Trust is subject to the requirements of the statute of frauds.  *See* Tex. Bus. & Com. Code § 26.02 (a)(2) and (b) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds).  Therefore, in order for Plaintiff to assert a breach of contract claim, any modification of the underlying loan agreement must have been in writing.  *Gordon v. JPMorgan Chase Bank, N.A.*, 2013 WL 49587, 3 (5th Cir. 2013) (original mortgage documents and forbearance agreement are governed by the statute of frauds and cannot be modified by subsequent oral agreement to modify the loan).  There is no summary judgment evidence of a written modified loan agreement.

6

The Court also finds that Plaintiff cannot base a breach of contract action on a theory that Defendants breached the Deed of Trust by accelerating and foreclosing on the Property after purportedly waiving its right to do so.  The Deed of Trust in the summary judgment record expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy … shall not be a waiver of or preclude the exercise of any right or remedy."  Dkt. 8-4 at § 12.  The Court finds that, given the express language of the Deed of Trust, Plaintiff cannot base a breach of contract action on this theory and there is no fact issue here.

Plaintiff also claims that Defendants breached the Deed of Trust, violating Texas Property Code § 51.002, by not giving Plaintiff the right to cure and reinstate their Note and selling the Property at a foreclosure sale nonetheless.  In their motion for summary judgment, Defendants offer the Note and Deed of Trust as summary judgment evidence and argue that Plaintiff cannot maintain a breach of contract action because Plaintiff was in default.  Defendants also submit the Declaration of Katherine Cacho, an Assistant Vice-President with Bank of America stating that "Bank of America sent, via United States Certified Mail, Return Receipt Requested, a Notice of Default and Intent to Accelerate (the 'Notice of Default') to Plaintiff on April 20, 2011" and attach a copy of the April 20, 2011 Notice of Default addressed to Plaintiff which Defendants claim was properly sent. Dkts. 8-1 at ¶5 and 8-5.

In response to Defendants' summary judgment evidence, Plaintiff argues that there is no proof that the 2008 Notice was mailed by certified mail because Defendants have not provided a green card and object to Cacho's affidavit.  The objection is overruled, and the Court will consider the entire summary judgment record before it, including *Plaintiff's* affidavit testimony that he

"received a notice of a foreclosure sale for November 1, 2011."  Dkt. 13-1.

Plaintiff has cited to no authority in support of his argument that a second notice of default should have been issued after the parties' attempts at negotiation failed.  Without that or any summary judgment evidence that would controvert Defendants' claim that the November 2008 notice was sent in accordance with the Texas Property Code and the parties' agreement, Plaintiff's claims cannot survive.  *See Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155, 3 (N.D. Tex. 2012) (granting summary judgment on breach of contract claim where plaintiffs failed to introduce any evidence – other than their own affidavit – that they did not receive proper notice of the foreclosure sale and where the defendant offered copy of the notice of default dated ten months prior to foreclosure sale).  The Court is further unconvinced that, even if true, Plaintiff's affidavit statement that he "went to the courthouse and did not find anyone auctioning [his] house," only to learn later to learn that his house was sold that morning, *see* Dkt. 13-1, is sufficient to create a fact issue that Defendants failed to comply with the Deed of Trust's requirements that the sale occur between 10 a.m. and 4 p.m.  Notably, Plaintiff's affidavit fails to state the time he was at the courthouse.

Further, as part of his breach of contract claim, Plaintiff also alleges that Defendants breached their duty of good faith and fair dealing under the Note.  "Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.– San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).  Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee

and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations omitted).

Plaintiff has not offered any summary judgment evidence that would show Plaintiff's "special relationship" with Defendants, nor has Plaintiff pointed to any authority to show that there is a duty of good faith and fair dealing in the mortgage context.  *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL 3338537, at *12 (W.D. Tex. 2010).  Therefore, as to this claim, Defendants' motion should be GRANTED and Plaintiff should take nothing by any breach of contract claims based on an implied duty of good faith and fair dealing.

Having reviewed the summary judgment record in its entirety – in conjunction with applicable authorities – the Court finds that Plaintiff has failed to point to any competent summary judgment evidence that would create a genuine issue of fact as to whether Defendants breached any contract.  Therefore, summary judgment should be GRANTED as to Plaintiff's breach of contract/anticipatory breach of contract claims and he should take nothing by this claim.

**Challenge of Assignment**

Plaintiff also challenges MERS' assignment of the Note and Deed of Trust.  Dkt. 3 at ¶ 22. The Court has reviewed the motion and finds that it is well founded and that Plaintiff's challenges of the validity of the assignment are without merit.  *See Richardson v. CitiMortgage, Inc*., 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale,

9

then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011); *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) ("Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment.").

Of particular significance to the Court is the Fifth Circuit's recent opinion in *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 Fed. Appx. 330 (5th Cir. 2012).  In *Kiggundu*, the Fifth Circuit affirmed the granting of summary judgment for a defendant bank whose authority to foreclose was challenged.  As explained by the Fifth Circuit:

> Because the note was endorsed in blank and the Bank of New York was in possession of the note, under Texas law, the Bank of New York was entitled to collect on it.  *See* Tex. Bus. & Com. Code §§ 1.201(b)(21), 3.204, 3.205. Moreover, under Texas law, the mortgage follows the note. *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. App. 1979); *see United States v. Vahlco Corp.*, 720 F.2d 885, 891 (5th Cir. 1983).  Thus, the Bank of New York was authorized to foreclose on the property when Kiggundu defaulted. Though Kiggundu attacks the validity of the assignment of the mortgage document—the deed of trust—to the Bank of New York, this argument is beside the point.  It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to it.  *See Gilbreath v. White*, 903 S.W.2d 851, 854 (Tex. App. 1995).

*Id*. at 331-332.  Here, as in *Kiggundu*, Plaintiff has put forward no evidence that challenges the

validity of Defendants' summary judgment evidence that they are in possession of the Note.

**Breach of the Common Law Tort of Unreasonable Collection Efforts & TDCPA**

As to Plaintiff's claims of unreasonable collection efforts and violations of Texas Consumer Credit Code/Debt Collection Practices Act, "[u]nreasonable collection efforts is a Texas common-law intentional tort that lacks clearly defined elements." *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, 2009 WL 1812922, at *5 (S.D. Tex. 2009).  Nonetheless, in Texas, to support a claim for unreasonable collection efforts Plaintiff must show "a course of harassment" by the defendant that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *See, e.g., Coleman v. Bank of America, N.A.*, 2011 WL 2516169, *2 (N.D. Tex. 2011); *see also Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 2 (5th Cir. 2013) ("This is the standard for claims of unreasonable collection efforts.").  The reasonableness of conduct is judged on a case-by-case basis.  *B.F. Jackson, Inc. v. CoStar Realty Information, Inc.*, 2009 WL 1812922, *5 (S.D. Tex. 2009) (*citing Woodrum v. Bradley*, 1990 WL 151264, at *4 (Tex. App. – Houston [14th Dist.] 1990, writ denied).  Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Id.*

Despite Plaintiff's claims, the summary judgment record before the Court does not create a genuine issue of material fact as to whether Defendants engaged in any egregious or unreasonable collection activity that amounts to "a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm." *Burnette v. Wells Fargo Bank, N.A.*, No. 4-09-cv-370, 2011 WL 676955 *6 (E.D. Tex. Jan. 27, 2011).  Plaintiff's affidavit statement that

11

Defendants called to harass him every day to ask him about his intentions as to the Property, *see* Dkt. 13-1, is not enough to create a fact issue as to willful, malicious and wanton conduct.

For this reason, Plaintiff's claims under the Texas Debt Collection Practices Act ("TDCPA") also do not survive summary judgment.  The TDCPA prohibits debt collectors from making fraudulent, deceptive, or misleading representations concerning "the character, extent, or amount of a consumer debt." TEX. FIN. CODE ANN. § 392.304(a)(8). The TDCPA further prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE ANN. § 392.304(a)(19).  It also prohibits using "unfair or unconscionable means" by collecting interest or charging fees that are not authorized by the parties' agreement, TEX. FIN. CODE ANN. §392.303(a)(2), or by threatening to take an action prohibited by law.  TEX. FIN. CODE ANN. § 392.301(a)(8).

As there is no summary judgment evidence of harassment, there is nothing in the summary judgment record to create a fact issue as to Defendants' fraudulent, deceptive, or misleading actions or that would show that they were not legally authorized to take the actions they did under the mortgage documents.  And although Plaintiff has complained of the late charges and fees charged to him, there is nothing in the summary judgment record that would show that such charges were not permitted by the documents.  Morever, Plaintiff's response does not specifically point to any such fees or charges in the summary judgment record, and the Court will not scour the record to create a fact issue on Plaintiff's behalf.  Defendants' summary judgment motion as to Plaintiff's claims under the TDCPA should be GRANTED and Plaintiff should take nothing by those claims.

**Negligent Misrepresentation/Gross Negligence**

The Court next turns to Plaintiff's allegations of negligent misrepresentation and gross negligence. Under Texas law, a claimant alleging negligent misrepresentation must show the following: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the representation. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734 (N.D. Tex. Feb. 10, 2011) (quoting *Sloane*, 825 S.W.2d at 442) (internal quotations omitted).  Of critical importance here is that, in order to prevail on a claim of negligent misrepresentation in Texas, the misrepresentation at issue must be one of existing fact because "under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 205, 2012 WL 1758597, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App. – Amarillo 2007, no pet.)); *see also Milton v. U.S. Bank Nat. Ass'n,* 2013 WL 264561, 2 (5th Cir. 2013) (plaintiff did not state viable negligent misrepresentation claim based on promise that mortgage servicer would not foreclose during loan modification because it was promise of future conduct).  In the Fifth Circuit, "representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact" and will not support a claim for negligent misrepresentation. *Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, 3 (5th Cir. 2012) (citing *Scherer v. Angell,* 253 S.W.3d 777, 781 (Tex. App. – Amarillo 2007, no pet.)).

As to Plaintiff's negligent misrepresentation claim, the only possible evidence of a misrepresentation offered by Plaintiff regarding these claims is Michael Gloria's blanket statement in his affidavit that Defendants told him they would not foreclose on the Property during the loan modification period.  Because this only goes to support a promise of future conduct, it is not sufficient to support a negligent misrepresentation claim.  Moreover, even if it could be construed as a misrepresentation of existing fact, the Court finds that this conclusory statement in Plaintiff's own self-serving affidavit – lacking in any details as to the dates, times or sources of the calls – fails to create a genuine issue of material fact.  *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 2011 WL 3667435, 3 (5th Cir. 2011) ("a self-serving affidavit, without more evidence, will not defeat summary judgment.") (citing *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 & n. 49 (5th Cir. 2005)); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)).

Additionally, while Michael Gloria's affidavit states that Bank of America made "assurances that it does not foreclose during the loan modification," it never specifies the false, inaccurate or reckless statements allegedly made.   Dkt. 13-1.   Such generalizations and conclusory statements are insufficient to create a genuine issue of material fact at the summary judgment phase.  *Stults*, 76 F.3d at 655.

As to the claim of gross negligence, "[t]he threshold inquiry regarding a gross negligence claim is whether a legal duty existed." *RT Realty, L.P. v. Tex. Utils. Elec. Co.*, 181 S.W.3d 905, 914 (Tex. App. – Dallas 2006, no pet.) (citing *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999)). As noted earlier, Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman*, 2011 WL 2516169, at *1 (citing.*Coleman*, 795 S.W.2d at 708–09) (internal quotations omitted).  And, to assert any claim based in negligence under Texas law, a plaintiff must survive the application of the economic loss rule.  "The economic-loss rule bars tort actions based solely on recovery of the loss or damage to the subject of a contract." *New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 2012 WL 3655967, 3 (5th Cir. 2012) (*citing D.S.A. Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 664 (Tex.1998)).  To survive the economic loss rule, Plaintiff must "allege an injury distinct from" his contractual relationship with Defendants. *Id.*

Because Plaintiff has offered no summary judgment evidence to demonstrate any damages outside of the parties' relationship under the Note and Deed of Trust, he has not created a fact issue as to his negligence claims.  For these reasons, summary judgment should be granted for Defendants as to Plaintiffs' claims of negligent misrepresentation/gross negligence.

## Quite Title and Trespass to Try Title

"To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not

15

abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).   "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted).   Assuming Plaintiff has met the heightened pleading requirements, Plaintiff has not identified any summary judgment evidence that would create a genuine issue of material fact as to the superiority of his title.   Therefore, summary judgment should be GRANTED as to Plaintiff's "Suit to Quiet Title and Trespass to Try Title" and Plaintiff should take nothing by that claim.

### Declaratory and Injunctive Relief and Accounting

Next, Defendants argue that Plaintiff's claims for injunctive and declaratory relief are remedies and cannot stand as independent claims.   The Court agrees.

Because Plaintiff has failed to demonstrate any fact issues entitling him to any relief, he is not entitled to an accounting or declaratory judgment. *See Animale Group Inc. v. Sunny's Perfume Inc.*, 256 Fed. Appx. 707, 709 (5th Cir. 2007) (accounting is generally an equitable remedy) (citing *Maltina Corp. v. Cawy Bottling Co.,* 613 F.2d 582, 584-85 (5th Cir.1980)); *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie.").

Similarly, any claims for injunctive relief should be dismissed.   To assert a request for injunctive relief, Plaintiff is required to show "a substantial likelihood of success on the merits." *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).   Because the Court finds that Plaintiff has failed to sustain his summary judgment burden, Plaintiff is not entitled to injunctive relief.

MOTION TO SUPPLEMENT SUMMARY JUDGMENT RECORD

Defendants filed their motion for summary judgment on March 7, 2012.  On April 26, 2012 –

after being granted an extension of time – Plaintiff filed his response.  On June 20, 2012, Plaintiff's

counsel was permitted to withdraw from the matter.  Since that time, discovery has closed, and

Defendants have filed a motion seeking to supplement the summary judgment record.

With Plaintiff proceeding *pro se*, Defendants served him with discovery requests on August

7, 2012.  According to Defendants, Plaintiff has failed to respond to those requests, which included

requests for admissions.[3]  Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless,

within 30 days after being served, the party to whom the request is directed serves on the requesting

party a written answer or objection addressed to the matter and signed by the party or its attorney."

Defendant's First Supplement to their Motion for Summary Judgment (Dkt. 16) is

GRANTED.  Although the Court would still likely find an absence of genuine issue of material fact

even if such admissions were denied by Plaintiff, the Court agrees that such deemed admissions

further support its findings that there are no fact issues remaining herein.

---

[3]Defendants specifically identify the following requests for admission: (1) That
Defendants correctly applied all sums and payments to Plaintiff's Mortgage; (2) That Plaintiff
has no evidence to support his contentions that Defendants did not correctly apply all sums and
payments to his mortgage, and that Defendants did not properly administer his mortgage; (3)
That Plaintiff made his last mortgage payment on October 30, 2009 and that his mortgage is paid
only through April, 2008; (4) That Plaintiff has no evidence to support his contentions
Defendants waived their right to foreclose, that Defendants intentionally misled and delayed
Plaintiff to the point of foreclosure, that Defendants instructed Plaintiff to stop making his
mortgage payments, that Defendants improperly placed Plaintiff's property in foreclosure, that
Defendants used a deceptive means to collect a debt, that Defendants failed to comply with a
loan modification already in place, or that Defendants improperly assessed late charges and
penalties; (5) That Plaintiff has no evidence of any recoverable damages.

### RECOMMENDATION

Therefore, for the reasons set forth above, the Court finds that The Bank of New York Mellon and Bank of America's Motion for Summary Judgment (Dkt. 8) should be GRANTED in its entirety and that Plaintiff should take nothing by any of the claims raised against Defendants.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.   28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of February, 2013.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE